UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALLEN SHARONOFF, | No. 2:19-cv-0814 MCE CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE A. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On May 20, 2019, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The court dismissed plaintiff's claim with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and

construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his amended complaint, as in his original, plaintiff complains about the deprivation of personal property, specifically a television, by correctional staff. Plaintiff alleges unspecified staff broke plaintiff's television during a prison transfer and plaintiff seeks damages.

When the court dismissed plaintiff's original complaint with leave to amend, plaintiff was informed:

> [T]he United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984), and the California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

As in his original complaint, plaintiff's alleged deprivation of property does not amount to a violation of the Due Process Clause or other federal law. Specifically, plaintiff does not allege the deprivation of his property was authorized, intentional and carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Accordingly, the amended complaint must be dismissed. Considering the guidance given to plaintiff following the dismissal of his original complaint as to the contents of the amended complaint, granting plaintiff leave to amend a second time appears futile.

Finally, plaintiff has filed a motion for summary judgment. In light of the above, and because the motion is premature, see Fed. R. Civ. P. 56, the court will recommend that the motion be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief can be granted;

/////

/////

2

2. Plaintiff's motion for summary judgment (ECF No. 11) be denied; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
shar0814.14